```
                                                    FILED
                                                    OCT 2 6 2001
                                                    RICHARD W. WIEKING
                                                    CLERK, U.S. DISTRICT COURT
                                                    NORTHERN DISTRICT OF CALIFORNIA
                                                    OAKLAND
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RICHARD ODLE,<br><br>Petitioner,<br><br>v.<br><br>JEANNE WOODFORD, Warden of California State Prison at San Quentin,<br><br>Respondent. | No. C 88-4280 SBA<br><br>ORDER<br><br><u>DEATH PENALTY CASE</u> |

Defendant's Counsel are directed to serve this order upon all other parties in this actions.

The United States Court of Appeals for the Ninth Circuit has reversed the judgment of the court denying the petition for writ of habeas corpus and has remanded for further proceedings.[1] Odle v. Woodford, 238 F.3d 1084 (9th Cir. 2001), cert. denied, -- S.Ct. --, 2001 WL 826843, 70 U.S.L.W. 3075 (U.S. Oct. 1, 2001) (No. 01-63). The Ninth Circuit concluded that the state trial court violated petitioner's right to due process when it failed to conduct a hearing to determine whether petitioner was competent to stand trial. Id. at 1087-89. The court held, however, that the state court could cure the error by holding a retrospective competency hearing. Id. at 1089-90. The final paragraph of the Ninth Circuit's opinion reads in pertinent part:

> We therefore remand the case to district court with instructions to grant the writ unless the state trial court conducts a hearing within sixty days to determine whether Odle was competent at the time he stood trial. See Miles [v. Stainer], 108 F.3d [1109,] 1114 [(9th

---

[1] The case was reassigned to this court on remand from the Ninth Circuit.

Cir. 1997)]. The district court shall retain jurisdiction. If the state court vacates the conviction, the district court shall dismiss the habeas petition. If it upholds the conviction, the district court shall review the state court's determination consistent with this opinion.

Id. at 1090. The mandate of the Ninth Circuit issued on October 11, 2001.

Accordingly, good cause appearing, IT IS HEREBY ORDERED:

1) On or before **December 11, 2001,** the parties shall file a joint statement informing the court whether state court proceedings to determine whether Odle was competent to stand trial commenced by December 10, 2001. See Miles v. Stainer, 141 F.3d 1351, 1352 (9th Cir. 1997).

2) If competency proceedings have not commenced in the state court by December 10, 2001, or if the parties dispute whether such proceedings have commenced by that date, the court will issue an order directing respondent to show cause why the writ should not be granted.

3) If competency proceedings have commenced in the state court by December 10, 2001, then:

(a) Petitioner shall file a status report on the first day of every third month informing the court of the status of state competency proceedings. The first report shall be filed on or before **March 1, 2002.**

(b) The parties shall file a joint statement notifying the court when a final state court judgment vacating or upholding petitioner's conviction has been entered.

IT IS SO ORDERED.

DATED:

Oct 26, 2001

SAUNDRA BROWN ARMSTRONG
United States District Judge

2